NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIVIAN LYNN BARAJAS, | No. 23-55151 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-07976-SK |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Steve Kim, Magistrate Judge, Presiding

Submitted April 1, 2024**
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

Claimant Vivian Barajas appeals the district court's decision affirming the

Commissioner of the Social Security Administration's denial of her applications

for disability insurance benefits and supplemental security income under Titles II

and XVI of the Social Security Act. The administrative law judge ("ALJ")

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

determined that Barajas's physical impairments are non-severe and that she possesses the residual functional capacity to perform jobs that exist in significant numbers in the national economy, thereby denying Barajas's applications. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The ALJ reasonably determined that Barajas's alleged physical impairments of lumbar degenerative disc disease and radiculopathy, knee degenerative joint disease, scabies, gastroesophageal reflux disease, hiatal hernia, and obesity were non-severe. An impairment is "severe" if it "significantly limits" a claimant's "ability to do basic work activities." *See* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a). An ALJ must "consider the combined effect of all of the claimant's impairments on her ability to function." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). As the ALJ noted, Barajas's medical examinations showed normal gait, only slightly reduced range of motion of her knees and lumbar spine, and normal strength, sensation, and reflexes. The "conservative treatment" for Barajas's physical conditions and her reliance primarily on ibuprofen for pain management further support the ALJ's conclusions that these conditions were not severe.

Moreover, Barajas cannot demonstrate she was prejudiced by the ALJ's determination that her physical impairments were non-severe. Barajas claims disability primarily due to mental impairments, in conjunction with physical

2

impairments. The ALJ found that her mental impairments were severe and "considered all of the claimant's impairments, including those that are non-severe, in assessing the claimant's residual functional capacity." *See* 20 C.F.R. §§ 404.1545(a)(2), (e) and 416.945(a)(2), (e). Barajas fails to articulate how a finding that her physical impairments were severe would have changed the ALJ's residual functional capacity finding or the determination that she was not disabled. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (ALJ error is not reversible if "inconsequential to the ultimate nondisability determination" (quotation omitted)).

2.   Barajas asserts that the ALJ improperly rejected her subjective testimony regarding her pain. Rejection of a claimant's testimony requires clear and convincing reasons. *See Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022). By not raising this argument before the district court, Barajas forfeited the challenge to the ALJ's findings regarding her subjective statements. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues "because [s]he did not raise them before the district court").

Even were it not forfeited, the medical evidence and Barajas's mild pain regiment undercut her subjective testimony concerning her physical limitations. *See Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." (emphasis in original)). The ALJ also found that

3

Barajas's mental conditions generally did not interfere with her seeking physical treatment and that she reported significant improvement in her mental health from medication. The ALJ thus provided clear and convincing reasons to discount Barajas's allegations of severe pain and resulting limitations.

3.      Finally, substantial evidence supports the ALJ's residual functional capacity and step-five findings, which included all credible limitations. An ALJ is required to consider the effects of a claimant's symptoms on her ability to work. 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ concluded that Barajas possesses the residual functional capacity to perform medium exertion-level work and that she must avoid the public, hazards, heights, machinery, ladders, ropes, and scaffolds. The ALJ found that Barajas was unable to perform any past relevant work based on her limitations. Relying on testimony from a vocational expert, the ALJ then properly concluded that Barajas could make a successful adjustment to other work in several jobs that exist in significant numbers in the national economy, and that she was not disabled under the Social Security Act.

**AFFIRMED**.